U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 02 2008

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA          CRIMINAL NO. 03-10027
                                                    CIVIL NO. 08-0262

VERSUS                                 JUDGE DONALD E. WALTER

SHON MOLETTE                           MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by defendant, Shon Molette. For the following reasons, **IT IS ORDERED** that defendant's § 2255 motion be **DENIED.**

## STATEMENT OF THE CASE

Beginning in July 2003, an undercover officer purchased crack cocaine from defendant Shon Molette ("Molette") at his home in Alexandria, Louisiana. The officer purchased crack cocaine on six different occasions. On one occasion, she entered the residence and found Molette packaging crack cocaine in the kitchen. He told her that he just finished "cooking" the crack and he was packaging it for sale. (Trial Tr. at 60).

On October 23, 2003, law enforcement officers executed a search warrant at Molette's residence. Molette was not present at the time of the search, but he was later found and arrested at a nearby convenience store. (Trial Tr. at 107-08, 111, 130, 139-40). During the search, officers found a Heckler & Koch magazine for a semi-automatic pistol, which was loaded with eight .45 caliber rounds which were manufactured outside the state of Louisiana. (Trial Tr. at 91-92, 105-106). They also found a 7.62 x 39 mm assault rifle round. (Trial Tr. at 94). In the master bedroom,

officers found $408, a gas mask, and a filter in a plastic bag. (Trial Tr. 28-30, 98). They also discovered what they considered to be a "drug ledger," which contained a record of the quantities of drugs Molette had provided to several individuals. (Trial Tr. at 118-19, 125).

No drugs were found inside the home. However, officers found a black garbage bag on top of a window air-conditioning unit on the north side of the house. Inside the bag was a blue ski cap which contained nine packages of crack cocaine cookies with a gross weight of 277.5 grams and a net weight of 239.2 grams, worth approximately $10,000. (Trial Tr. at 40-41, 117-18). Numerous digital scales and "cooking" dishes were also found in and near the home.

On January 14, 2004, a federal grand jury returned a superseding indictment charging the defendant with six counts of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (Counts One through Six), one count of possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (Count Seven), and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Eight). (Record Document 19). On March 22, 2005, a jury found defendant guilty on all eight counts. On July 6, 2005, defendant was sentenced to a term of 60 months as to Counts 1, 3, 4, 5, 6, and 8, and a term of 240 months as to Count 7. The court ordered that the terms of imprisonment be served concurrently for a total term of 240 months.

Molette appealed, but on September 29, 2006, the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. (Rec. Doc. 70). The defendant's petition for writ of certiorari was denied by the United States Supreme Court on February 20, 2007. (Rec. Doc. 71). In a final effort to challenge his conviction and sentence, Molette has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Rec. Doc. 72). He requests an evidentiary

hearing, claiming (1) the indictment was insufficient and failed to state a material element of the charged offense, (2) the indictment was constructively amended, (3) "possession of the black bag" was insufficient evidence to convict him, (4) he received ineffective assistance of counsel, (5) the trial judge abused his discretion in regard to the stipulations and by allowing prejudicial comments by government witnesses, and (6) the sentencing judge abused his discretion in rendering the 240-month sentence. (Rec. Doc. 72).

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting *U.S. v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982)). To quote the Supreme Court, "[o]ur trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." *Frady* at 164-65, 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. *Shaid* at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

*U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral

3

review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. *Id.* at 168. To establish "cause," defendant must show some external impediment prevented him from raising the claim on direct appeal. *See U.S. v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *Shaid*, at 233.

A narrow exception to the "cause and prejudice" test exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person. *Id.* (citing *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

### A. Claims Not Cognizable Under § 2255

The majority of the claims raised by the defendant are not cognizable under 28 U.S.C. § 2255. As mentioned above, only constitutional and jurisdictional issues can be considered under § 2255. The claims concerning the indictment are neither constitutional nor jurisdictional, and thus are not properly before this court. Even if the claims were constitutional or jurisdictional, Molette has failed to allege and establish "cause" for failure to bring these claims on direct appeal.

Sufficiency of the evidence may be a constitutional issue which may be cognizable under § 2255. However, issues raised and rejected on direct appeal may not be presented in a subsequent § 2255 motion. *See U.S. v. Jackson*, 202 F.3d 264 (5th Cir. 1999); *U.S. v. Kalish*, 780 F.2d 506 (5th Cir. 1986). In the present matter, Molette raised the issue of insufficient evidence on direct appeal. Stating that the defendant was "the sole occupant of the home and that the side yards of the property

4

were enclosed by chainlink fences, " the Fifth Circuit specifically found that there was sufficient evidence for a rational jury to find that Molette had constructive possession of the black bag containing crack cocaine that was outside of his home. (Rec. Doc. 70). Molette argued that another individual had thrown the bag onto the air conditioner when fleeing his home. But the Fifth Circuit rejected this argument, pointing to the testimony of a Drug Enforcement Agent who testified that "drug dealers often hide their drugs outside their home in the hope that police will not discover the drugs during a search of the home." *Id.* Because Molette's sufficiency of the evidence has already been raised and expressly rejected by the Fifth Circuit on direct appeal, this court will not revisit the argument.

The claims concerning the introduction of stipulations, comments by government witnesses, and the 240-month sentence may be constitutional in nature, but nevertheless are not cognizable under § 2255. Molette has failed to even allege "cause" for his failure to bring this claims on direct appeal, and certainly has not established "actual prejudice" by such failure. Consequently, these claims may not be considered at this time.

**B.   Ineffective Assistance of Counsel**

The general ruling prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. *Massaro v. U.S.*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). Such claims are properly permitted under § 2255, regardless of whether such claims could have been raised on direct appeal. *U.S. v.. Alanis*, 88 Fed. Appx. 15, 19 (5th Cir. 2004).

To prevail on his claims of ineffective assistance of counsel, Molette must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's

5

ineffective assistance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the *Strickland* analysis, Molette must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690, 2066.

Under the second prong of the *Strickland* test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 2068.

The two prongs of the *Strickland* test need not be analyzed in any particular order. *See Goodwin v. Johnson*, 132 F.3d 162, 173 n.6 (5th Cir. 1998); *Murray*, at 282. Further, if Molette fails to establish either prong of the *Strickland* test, then his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994); *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

In his § 2255 motion, Molette argues that his trial counsel was ineffective because he (1) failed to file a motion to suppress the "black bag" located outside the home, (2) failed to challenge the chain of custody for the "black bag" or determine if fingerprints were found on the bag, (3) stipulated to a drug analysis, (4) asked Molette to waive his right to a speedy trial, (5) failed to

request a "simple possession" instruction, and (6) failed to present mitigating factors at sentencing and appeal the 240-month sentence. (Rec. Doc. 77). Yet, Molette has failed to establish how these alleged errors were unreasonable or prejudicial.

### 1. Pretrial Motions and Investigations

Filing a motion to suppress or a motion to quash is considered part of trial strategy. *Murray v. Maggie*, 736 F.2d 279, 283 (5th Cir. 1984) ("The filing of pretrial motions falls squarely within the ambit of trial strategy."). Molette has not offered any evidence to overcome the presumption that trial counsel's decisions were part of a sound trial strategy. *See Strickland*, at 689, 2065. There are countless ways to provide a defense; "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* Moreover, defendant has failed to demonstrate what further pretrial investigation would have divulged or how it would have resulted in a different proceeding.

### 2. Stipulations

Molette argues that his counsel was ineffective for stipulating to the fact that the substances found were crack cocaine and to the amounts of crack cocaine that were obtained by the law enforcement officers. This argument is meritless, however, because stipulations as to drug analysis are standard in this type of case. Further, defendant has failed to demonstrate how this alleged failure was not part of his counsel's trial strategy.

### 3. Speedy Trial

Defendant's trial was set for August 23, 2004. On July 13, 2004, defense counsel filed a motion to continue the trial date, indicating that he had a federal criminal jury trial that would last approximately six weeks and would prevent him for adequately preparing for defendant's trial. The defense counsel filed Molette's affidavit and waiver with the court. Molette's affidavit stated that

the constitutional right to speedy trial had been explained to him and that he expressly waived his right. (Rec. Doc. 34). The record clearly demonstrates that Molette's counsel waived the application of the Speedy Trial Act because continuing the trial date would be in the defendant's best interest. Defense counsel's action was not unreasonable nor prejudicial to Molette.

### 4. Jury Instructions

Molette contends that his defense counsel was ineffective for failing to request a jury instruction providing that "simple possession" was a lesser included offense of possession with intent to distribute. And while simple possession is a lesser included offense, failure to request a jury instruction to that effect is not always unreasonable. *See U.S. v. Gonzales*, 189 F.3d 469 (5th Cir. 1999). Rather, "a decision not to seek an instruction on a lesser-included offense may be the result of a reasonable trial strategy." *Id.* at n.1.

In the present case, defense counsel challenged Count Seven by arguing that the black bag was thrown on top of the air conditioner by someone else while the officers were executing the search warrant. A jury instruction linking simple possession to Count Seven would have been inconsistent with the defense. As a result, Molette cannot establish that the alleged failure to request such an instruction was not part of a reasonable trial strategy, nor can he demonstrate prejudice by such failure.

### 5. Sentencing

Molette contends that his counsel was ineffective by failing to present mitigating factors. However, this claim fails because the sentencing transcript indicates that defense counsel did object to the presentence investigation report and did attempt to present mitigating factors. (Sent. Tr. at 5-7).

Molette also argues this his counsel was ineffective by failing to challenge his sentence on appeal. However, appellate counsel need not raise every nonfrivolous ground that might be presented on appeal, but should instead raise only solid, meritorious arguments. *Ries v. Quarterman*, 522 F.3d 517, 531-32 (5th Cir. 2008). Molette has not alleged any ground, frivolous or nonfrivolous, which could have been raised on appeal. Molette's counsel did not act unreasonably or in a manner that was prejudicial.

## CONCLUSION

The Court finds that Molette did not establish the requisite cause and prejudice to raise his claims under 28 U.S.C. § 2255, nor did he establish that his counsel rendered ineffective assistance. Therefore, **IT IS ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Rec. Doc. 72) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this ___ day of September, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE